UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK     JUDGE CONNER

---------------------------------------------------------x
RAYMOND MERZ,

          Plaintiff,

  - against -

HENDRICK HUDSON SCHOOL
DISTRICT,

          Defendant.
---------------------------------------------------------x

Docket No.:

ECF CASE

**COMPLAINT**
**06 CIV. 5750**
**PLAINTIFF DEMANDS**
**A JURY TRIAL**

Plaintiff, RAYMOND MERZ, by his attorneys, GOODSTEIN & WEST, complaining of the Defendant, alleges as follows:

1. This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq.* Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq.*, and §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2.

**PARTIES**

2. Plaintiff, RAYMOND MERZ, (hereinafter "MERZ") is a resident of the County of the Westchester, and the State of New York.

3. Defendant HENDRICK HUDSON SCHOOL DISTRICT (hereinafter "HUDSON"), on information and belief is a School District with offices located at 61 Trolley Road, Montrose, New York 10548. Defendant is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law

§§190 *et seq.*) (652(1)).

## FACTS

4.  Plaintiff was hired by Defendant as a media specialist. Plaintiff is still employed by Defendant.

5.  Plaintiff held an hourly paid non-exempt position. His salary varied from $34.16 to $36.09 per hour. Plaintiff worked 40 hours per week.

6.  Plaintiff was always required to in addition 435 hours per year for which he was paid a stipend rather than overtime.

## AS AND FOR A FIRST CAUSE OF ACTION

7.  Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

8.  Although Plaintiff worked overtime during the period September 2003 through June 30, 2006 he did not receive overtime compensation for this period.

9.  Plaintiff received a stipend as compensation for the 435 yearly hours he worked over forty (40) per week rather than time and a half.

10. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked 435 yearly hours more than forty (40) hours per week.

11. Defendant's failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

12. From September 2000 through June 30, 2006, Plaintiff was denied overtime at the

rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

13. From September 1, 2000 through June 30, 2006, Plaintiff was denied wage compensation for hours worked, §652(1). This violation was willful.

**WHEREFORE**, Plaintiff requests this Court enter an Order in favor of Plaintiff and against Defendant:

**On The Fair Labor Standards Act Causes of Action**

(a) Declaring Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between September 2003 through and including June 30, 2006;

(b) Declaring Defendant's violation of the Fair Labor Standards Act was willful;

(c) Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(d) Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

(e) Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

(f) Awarding Plaintiff his costs and reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

**On the New York State Labor Law Cause of Action**

(g) Declaring Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

(h)  Declaring that Defendant's violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i)  Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(j)  Awarding Plaintiff for the period September 2000 through June 30, 2006, a payment for overtime at the rate of time-and-a-half for working over forty (40) hours per week during the period;

(k)  Finding that Defendant's refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

(l)  Awarding Plaintiff reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated:  New Rochelle, New York
        July 27, 2006

                              Yours, etc.,

                              GOODSTEIN & WEST

                              By: _____
                              ROBERT DAVID GOODSTEIN (RDG 5443)
                              *Attorneys for Plaintiff*
                              56 Harrison Street, Suite 401
                              New Rochelle, New York 10801
                              (914) 632-8382